UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

William R. Morseth,

        Plaintiff,

vs.                                                   REPORT AND RECOMMENDATION

Ramsey Co. Sheriff Dep.,

        Defendant.                    Civ. No. 06-3991 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983," see, Docket No. 1, and his application for leave to proceed in forma pauperis ("IFP").[1]  See, Docket No. 2.  For reasons which follow, we

---

[1]The Plaintiff did not tender the required filing fee with his Complaint, but instead, filed an Application seeking leave to proceed in forma pauperis ("IFP"). See, Docket No. 2. It appears from the Plaintiff's IFP Application that he may be unable to pay even the initial partial filing fee that prisoners are required to remit pursuant to Title 28 U.S.C. §1915(b)(1). Thus, we find, for present purposes, that the Plaintiff has "no assets and no means by which to pay the initial partial filing fee," see, Title 28 U.S.C. §1915(b)(4), and that this matter should proceed directly to the initial
(continued...)

recommend that the Plaintiff's IFP application be denied, and that the action be summarily dismissed, but without prejudice.

## II. Factual Background

The Plaintiff, who is an inmate at the Ramsey County Adult Detention Center, in St. Paul, Minnesota, commenced this action by filing a Complaint, which names the Ramsey County Sheriff's Department as the sole Defendant. The substantive allegations in the Plaintiff's Complaint, repeated verbatim and in their entirety, state as follows:

> On the 28th of Aug. I was punched in the face by Eddie Crinshaw in a holding cell at the court house. We were not supose [sic] to be in the same cell.

Complaint, Docket No. 1, at p. 3, ¶4.

Although the Complaint does not describe any specific injury to the Plaintiff, he seeks an award of damages in the amount of $50,000.00.

## III. Discussion

Since the Plaintiff is a prisoner, who is seeking redress from a governmental entity -- namely, the Ramsey County Sheriff's Department -- his pleading is subject

---

$^{1}$(...continued)
screening process prescribed by Section 1915A.

to preliminary "screening" pursuant to Title 28 U.S.C. §1915A. Section 1915A, which is part of the Prison Litigation Reform Act of 1995 ("PLRA"), requires Federal Courts to screen the pleadings in every civil action, commenced by a prisoner against governmental entities and/or employees, "before docketing, if feasible or, in any event, as soon as practicable after docketing." Title 28 U.S.C. §1915A(a). The Court must determine which aspects of the pleading are actionable, and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. See, Title 28 U.S.C. §1915A(b)(1).

To state an actionable civil rights claim under Title 42 U.S.C. §1983, as the Plaintiff is attempting to do here, a complainant must allege historical facts which, if proven true, would demonstrate that the named defendants violated the complainant's Federal constitutional rights while acting under color of State law. West v. Atkins, 487 U.S. 42, 48 (1988). Although Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions.").

Furthermore, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the United States Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F. Supp. 1392, 1397 (D. Minn. 1997)(same). In other words, civil rights claimants must plead facts showing the defendant's personal involvement in the alleged constitutional wrongdoing. See, Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999); see also, Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001)(upholding summary dismissal of prisoner's civil rights claims, because his Complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state a claim under Section 1983, a Complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's Federal constitutional rights.

We begin by noting that the Plaintiff has failed to state a cause of action on which relief can be granted, because the only Defendant named in his Complaint, the Ramsey County Sheriff's Department, is "not a legal entity subject to suit." In re Scott County Master Docket, 672 F. Supp. 1152, 1163 n. 1 (D. Minn., 1987), aff'd sub nom., Meyers v. Scott County, 868 F.2d 1017 (8th Cir. 1989); see, De la Garz v. Kandiyohi County Jail, 18 Fed. Appx. 436, 437 (8th Cir., August 30, 2001), citing

Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992)("Sheriff's departments and police departments are not usually considered legal entities subject to suit.").

While not, in and of itself, a basis for a summary dismissal of his claim, we find that his factual allegations are a tenuous basis upon which to allege a claim predicated on an alleged violation of the Plaintiff's Eighth Amendment right against cruel and unusual punishment, which we presume is the action he is attempting to allege. A prison official may violate a prisoner's Eighth Amendment rights if they are deliberately indifferent to a prisoner's health or safety, and thereby expose him to a serious risk of physical harm. See, Farmer v. Brennan, 511 U.S. 825, 337 (1994). However, to state an Eighth Amendment cause of action against a jail official for allegedly ignoring a known danger to an inmate's heath or safety, the prisoner's complaint must allege facts showing that the official actually knew about a specific threat of serious harm to the prisoner, and deliberately disregarded that threat. See, Prater v. Dahm, 89 F.3d 538, 541 (8th Cir. 1996)("[A] prison official cannot be found deliberately indifferent under the Eighth Amendment 'unless the official knows of and disregards an excessive risk to inmate health or safety.'"), quoting Farmer v. Brennan, supra at 837; see also, Johnson v. Hamilton, 452 F.3d 967, 973 (8th Cir. 2006)(granting defendants' Summary Judgment Motion on Eighth Amendment claim,

where prisoner failed to present "any evidence demonstrating that he was actually in any personal danger or that any prison official acted in bad faith in placing him in a double cell."). Here, the Plaintiff simply alleges that he, and the person who is alleged to have assaulted him, were not supposed to be in the same cell, but there is no allegation that the named Defendant was aware of that asserted prohibition.

Nonetheless, even if the Plaintiff were to amend his Complaint so as to allege a suable entity, and to more fully allege a violation of his Eighth Amendment rights, we would still be obligated to recommend a dismissal because the Plaintiff admittedly has failed to exhaust his administrative remedies for his claim. Title 42 U.S.C. §1997e(a) expressly requires that prisoner litigants must exhaust all of their available administrative remedies before seeking relief in Federal Court.[2]  See, Booth v. Churner, 532 U.S. 731, 741 (2001)("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures"); Porter v. Nussle, 534 U.S. 516, 532 (2002) ("exhaustion requirement applies to all inmate

---

[2]Section 1997e(a), which was enacted as part of the PLRA, provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

suits about prison life, whether they involve general circumstances or particular episodes").

We acknowledge that, ordinarily, failure to exhaust administrative remedies is an affirmative defense that must be raised, in the first instance, by the Defendant. See, Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001). In this case, however, the Plaintiff has not merely failed to plead exhaustion, he has affirmatively pleaded non-exhaustion. Complaint, at p. 2, §II. We find the Plaintiff's express concession that he has not exhausted his administrative remedies to be a fatal defect which requires a dismissal until his claim has been exhausted.

Accordingly, we find that the Plaintiff has failed to state a cause of action on which relief can be granted, and that his action must be summarily dismissed, without prejudice, because of his failure to exhaust his administrative remedies. Consequently, we are also obligated to recommend that the Plaintiff's Application for leave to proceed IFP be denied, as moot. Since we are summarily dismissing his action, we further recommend that the Plaintiff be relieved of paying the filing fee in this matter, and we recommend that the dismissal of the Plaintiff's claim not count as a "strike" against the Plaintiff for the purposes of Title 28 U.S.C. §1915(g).

NOW, THEREFORE, It is --

RECOMMENDED:

1.  That the Plaintiff's Complaint [Docket No. 1] be summarily dismissed, without prejudice, pursuant to Title 28 U.S.C. §1915A(b)(1).

2.  That the Plaintiff's Application to Proceed Without Prepayment of Fees, [Docket No. 2] be denied, as moot.

3.  That the Plaintiff be relieved from paying the filing fee that would otherwise be due from him.

4.  That, irrespective of summary dismissal, the action not be counted as a "strike" for purposes of Title 28 U.S.C. §1915(g).


Dated: October 12, 2006            *s/Raymond L. Erickson*
                                   Raymond L. Erickson
                                   CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than October 27, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply

with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 27, 2006**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.