UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

William R. Morseth,

                Plaintiff,                           **MEMORANDUM OPINION**
                                                            **AND ORDER**
      v.                                   Civ. No. 06-3991 ADM/RLE

Ramsey Co. Sheriff Dept.,

                Defendant.

---

William R. Morseth, *pro se*.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Plaintiff William R. Morseth's ("Plaintiff") Objections [Docket No. 4] to Chief Magistrate Judge Raymond L. Erickson's Report and Recommendation ("R&R") [Docket No. 3] dated October 12, 2006. The R&R recommends that Plaintiff's Complaint [Docket No. 1] seeking relief under 42 U.S.C. § 1983 be summarily dismissed, without prejudice, for failure to plead a cause of action upon which relief can be granted. For the reasons set forth below, the R&R is adopted.

## II. BACKGROUND

Plaintiff, an inmate at the Ramsey County Adult Detention Center in St. Paul, MN, alleges that "[o]n the 28th of Aug. I was punched in the face by Eddie Crinshaw in a holding cell at the court house. We were not suppose[d] to be in the same cell." Compl. ¶ 4. The Complaint names the Ramsey County Sheriff's Department as the sole defendant, apparently for violating the Eighth Amendment's prohibition on cruel and unusual punishment. Id. ¶ 3.B. Although the

Complaint does not describe a specific injury that Plaintiff suffered,[1] he seeks $50,000 in damages.  Compl. ¶ 5.  Additionally, Plaintiff has filed an Application seeking leave to proceed *in forma pauperis* ("IFP") [Docket No. 2].

### III. DISCUSSION

**A.      Standard of Review**

The district court reviews de novo those portions of a R&R to which objection is made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. R. 72.2(b).

Under 28 U.S.C. § 1915A(a), courts are required to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  To the extent that a pleading fails to state a claim upon which relief may be granted, it must be dismissed.  28 U.S.C. § 1915A(b)(1).

**B.      Plaintiff's Objections**

Plaintiff objects to the R&R's conclusion that his Complaint fails to state a § 1983 claim.  To state an actionable § 1983 claim, Plaintiff must plead facts showing (1) a violation of a constitutional right, (2) committed by a state actor or person acting under color of state law, (3) "'who acted with the requisite culpability and causation to violate the constitutional right.'" Hart v. City of Little Rock, 432 F.3d 801, 804 (8th Cir. 2005) (citations omitted); see also Andrews v. City of W. Branch, 454 F.3d 914, 918 (8th Cir. 2006).  Although federal courts "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege

---

[1] In his Objections, Plaintiff states that he suffered a broken nose.  Objections ¶ 3.

facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

This Court agrees with both of the R&R's alternative holdings as to why Plaintiff has not stated a claim upon which relief may be granted. First, the R&R correctly concludes that the Ramsey County Sheriff's Department is not a legal entity subject to suit. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit."). Second, the R&R correctly holds in the alternative that dismissal is proper because Plaintiff failed to exhaust his available administrative remedies. Regardless of whether the Ramsey County Adult Detention Center's grievance procedure can provide the relief Plaintiff seeks, Congress has clearly mandated that administrative remedies must be exhausted before a prisoner can file a § 1983 action. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); see also Booth v. Churner, 532 U.S. 731, 741 (2001) ("[W]e think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."). Because Plaintiff has not named a legal entity subject to suit, or in the alternative because Plaintiff has not exhausted his available administrative remedies, his Complaint must be summarily dismissed for failure to state a claim.

Additionally, the Court adopts the R&R's recommendations that Plaintiff's Application for leave to proceed IFP be denied as moot,[2] that Plaintiff be relieved of paying the filing fee,

---

[2] Plaintiff appears to misread the R&R as recommending dismissal of the Complaint because he can not pay the filing fee. See Objections ¶ 1. As discussed above, the Complaint is dismissed for failure to state a cognizable claim, not because Plaintiff can not pay the filing fee.

and that this summary dismissal of Plaintiff's claim not count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 3] is **ADOPTED**;

2. Plaintiff's Objections [Docket No. 4] are **OVERRULED**;

3. Plaintiff's Complaint [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE**;

4. Plaintiff's Application for Leave to Proceed *in forma pauperis* [Docket No. 2] is **DENIED AS MOOT**;

5. Plaintiff is not required to pay the Court filing fee; and

6. The dismissal of this action does not count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 29, 2006.